### In re WILLIAMS.

(Supreme Court, Special Term, Niagara County. January 13, 1908.)

1. MANDAMUS—JURISDICTION—SCOPE OF INQUIRY—RIGHT TO RECOGNITION AS ELECTED OFFICER.

Though the title to an office cannot be tried by mandamus proceedings, if the facts are undisputed which determine the right of a person to a certificate of election or to recognition as the duly elected officer, mandamus will lie to compel the giving of the certificate or due recognition of the election.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Mandamus, §§ 161–169.]

2. RELIGIOUS SOCIETIES—ELECTIONS — QUALIFICATIONS OF VOTERS — DETERMINATION—STATUTORY PROVISIONS.

Under Religious Corporations Law, Laws 1895, p. 494, c. 723, § 33, providing that the presiding officer of election meetings of the Protestant Episcopal Church shall be the rector thereof, and that he shall be the judge of the qualifications of the voters, receive the votes cast, declare the result, etc., a rector, who as presiding officer of a parish election meeting receives the ballot of a person as an elector, exercises his legal function of judging of the qualifications of such person to vote; and hence, where a rector permits one who is a candidate for warden to vote at such a meeting, he cannot subsequently declare the candidate not a qualified voter, and therefore not entitled to the office to which he is elected.

3. MANDAMUS—SUBJECTS OF RELIEF—RELIGIOUS CORPORATIONS—ELECTION OF CHURCH WARDEN—RECOGNITION OF RESULT.

The rector of a Protestant Episcopal Church parish, presiding at an election meeting of the parish, received the ballots of W. and others. W. received a majority of the votes cast for warden, and the result was read. Objection was made to the qualification of some of the voters. The rector announced that the protest was well taken, and he could not then declare who was elected; but he subsequently decided that W. was not a qualified voter, and hence not eligible for election to the office in question, and refused to recognize W. as such. *Held*, that mandamus will lie to compel the recognition of W. as warden.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Mandamus, §§ 161–169.]

Application by William A. Williams for writ of mandamus to compel the rector of Grace Church parish of the Protestant Episcopal Church of the diocese of Western New York and others to recognize him as warden in parish meetings. Peremptory writ granted.

Millar & Moyer, for the motion.
Bissell & Riley, opposed.

BROWN, J. At an annual election of the Grace Church parish of the Protestant Episcopal Church of the diocese of Western New

York, held at the parish church in Lockport, N. Y., on December 2, 1907, for the election of one church warden for two years, one vestryman for one year, and three vestrymen for three years, there were present and voting 88 persons. The rector, as the presiding officer, appointed two tellers, and the polls were declared open at 12 o'clock noon. The provisions of the statute specifying qualifications of voters were read, and the election proceeded by ballot.

By provision of statute (Religious Corporations Law, Laws 1895, p. 494, c. 723, § 33) the rector is made the judge of the qualifications of the voters, shall receive the votes cast, and shall declare the result of the votes cast at such election. At such election William A. Williams voted as an elector, his vote being unchallenged, and the same was received by the rector. After the polls were closed and the ballots were canvassed by the tellers, a protest was made against the election as illegal, for the reason that many persons who had voted did not have the statutory qualification. The rector stated that the protest was well taken, and that it was not possible for him to declare who was elected until he had further investigated the matter and the law bearing on the same. The vote for warden as canvassed and presented by the tellers to the rector was as follows: For Warden: William A. Williams, 52; John T. Darrison, 32; scattering, 4—which result of the votes cast at such election was read by the rector to the persons present.

It is made the duty of the rector to enter the proceedings of such meeting in the book of the minutes of the vestry and sign the same. The rector was unable to obtain this book until about the 15th day of December, 1907, and on December 11, 1907, he made a record of such proceedings of the meeting substantially embodying all the above facts. On December 13, 1907, the rector made another record of the above facts, substantially as the one of December 11, 1907, adding thereto, after the item of result of votes cast, a statement to the effect that he as presiding officer had made an examination of the list of voters to ascertain the validity of the protests, and found that many were disqualified as voters, and, pursuant to the law providing that church wardens shall be elected from persons qualified to vote, the said William A. Williams, not being qualified as a voter, was not eligible for election as a warden, and therefore declared that William A. Williams was not elected; that, John T. Darrison being eligible as warden, the rector declared said Darrison elected as warden for a term of two years, which statement and record was signed by the rector, and on or about December 15, 1907, the record of December 11, 1907, and the one of December 13, 1907, were entered in the book of the minutes of the vestry, since which date the said rector has refused to recognize the said William A. Williams as a warden of such parish in any manner. It is conceded that William A. Williams has been a warden of such church and parish for upwards of ten years last past, is a communicant of the church, and has been a regular attendant upon church services and a regular contributor to the parish funds for many years up to March, 1907. There is no dispute as to any of the foregoing facts. While it is true that the title to an office cannot be tried and ascertained by mandamus proceedings, yet, if the facts are undisputed

which determine the right of a person to be given a certificate of election or to be recognized as the duly elected officer, mandamus proceedings are proper to compel the giving of such certificate or due recognition of such election.

When the rector, as presiding officer of the parish meeting, received the ballot of William A. Williams as an elector, such presiding officer necessarily exercised his legal function of judging of the qualification of Mr. Williams to vote. It was a legal decision that Mr. Williams possessed all the statutory qualifications to vote, and that he was a legal voter. That decision was made on December 2, 1907. It therefore clearly appeared that on that day, in that meeting, he was duly qualified to be voted for by any duly qualified elector for the office of church warden. No question was raised of the qualification of any elector at the time his vote was offered and received. The acceptance by the rector of the ballots cast at that election was a judicial determination by such rector as presiding officer at that time that the persons whose votes were actually cast and received by him were each a duly qualified voter. Such decision was final. The right to make such decision having thus been exercised, and the vote received and cast, the power of such presiding officer to decide again, at a later day, 10 days after such election, that such voter was not qualified to vote, did not exist, and the alleged declaration or determination of the 13th of December, 1907, that William A. Williams was not eligible to be voted for as warden was a nullity. The rector, as presiding officer, in compliance with statute, having declared or read the result of the votes cast at such election as being 52 for William A. Williams, 32 for John T. Darrison, and 4 scattering, his power to declare again, 10 days after such election, that William A. Williams was not elected, and that John T. Darrison was elected, warden, did not exist.

It clearly appearing that the qualification of William A. Williams had been duly and legally determined by the constituted church and legal authority to be such as to legally qualify him to vote at such election, he being thus qualified to be elected as warden, and he having been duly elected as such warden, it is the duty of the rector and church authorities to recognize him as such warden in all parish meetings, and, the rector refusing and declining so to do, a peremptory writ of mandamus will issue.