ISIDORO TRICARICO, FRANCESCO CHIECO, FRANCESCO GUACCERO, JOHN CENTRONE, NICOLA FRANCABANDIERI and VITO P. BATTISTA, Members in Good Standing of SOCIETY OF SAINT JOSEPH PALO DEL COLLE, ITALY, INC., on Behalf of Themselves and All Other Members of Said SOCIETY OF SAINT JOSEPH PALO DEL COLLE, ITALY, INC., Similarly Situated, Appellants, v. SOCIETY OF SAINT JOSEPH

PALO DEL COLLE, ITALY, INC., LORENZO CAPUTO, GENNARO CUTRONE, LORENZO CASSANO, MICHAEL SCORCIA, NICOLA SANTORO, VINCENZO TULLO, ANTONIO CAPUTO, VITO BATTISTA DI MARCO, FRANCESCO GUIDO, LUIGI CAPANUNO, GIUSEPPE CUTRONE NO. 1, FRANCESCO GIOVANIELLO, NICOLA GUIDO, NATALE AUCIELLO, DOMENICO TULLO, GIOVANNI STALLONE, GIUSEPPE CUTRONE NO. 2, NUNZIO SAVINO, GIOVANNI AGREPPINO, MARCELLO PAGANO, VITANGELO ALBANESE, FRANCESCO VULPIS, NICOLA LOSURDO, GIACOMO TOSCANO, VITTORIO GIAMBALVO, GIUSEPPE GIOVANNIELLO, LEONARDO PEDONE, MARTIRE STALLONE, ANTONIO GRUMO, ANGELO CAPUTO, MARCO STALLONE DI NUNZIO, GIUSEPPE COLETTO, VITO ALBANESE, FRANCESCO DACCHILLE, GIUSEPPE LAPIETRA, AMERICAN TITLE AND GUARANTY COMPANY and ANTONIO SABIA, Respondents. (Appeal No. 1.) — The decision of this court handed down on October 22, 1937 [ante, p. 785], is hereby amended to read as follows: On appeal by plaintiffs from an order denying their motion for an examination of the defendants before trial, for the production of books and papers thereat pursuant to section 296 of the Civil Practice Act, and for a stay until said examination is completed, in a derivative action brought in the right of the corporate defendant society by the plaintiffs, members thereof, order reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The examination is granted as to all the items contained in the affidavit of plaintiff Tricarico, printed at pages 13 to 35 of the record. For the purpose of refreshing the memory of witnesses and for the other purposes specified in section 296 of the Civil Practice Act, defendants are directed to produce, on the examination, all books, records and papers relating to the controversy and referred to in such affidavit. The examination will proceed at Special Term, Part 2, Kings county, on five days' notice. In view of the allegations in the complaint and in the moving affidavits which are not substantially controverted by those defendants charged with wrongdoing, the plaintiffs-appellants, under our now liberalized practice, are clearly entitled to the examination be ore trial of all the defendants, with the aid of the books, records and papers of the membership corporation defendant (Civ. Prac. Act, §§ 288, 289, 296). The action was properly brought by the plaintiffs as members of that corporation without regard to any statute. (*Isaac* v. *Marcus*, 258 N. Y. 257, 263, 264; *Loewenstein* v. *Diamond Soda Water M. Co.*, 94 App. Div. 383.) This action is for much more than an accounting, and the fact that plaintiffs demand, along with relief in other forms, that the defendants account to the membership corporation or funds belonging to it, alleged to have been misappropriated or wasted by them, does not defeat plaintiff's right to the examination sought. (*Muller* v. *Ackerman*, 246 App. Div. 849.) It is true that the proposed subjects of inquiry are stated at considerable length. That circumstance is the result of the multiplicity of the charges of wrongdoing against certain individual defendants. Hagarty, Carswell, Davis, Adel and Taylor, JJ., concur.