Sol Wachtler, J.
Respondent, Engineers Country Club, Inc., is a New York membership corporation. Petitioner, one of its members for the last 19 years, brings this article 78 proceeding to review a determination by respondent finding him guilty of “ misconduct ” and penalizing him by a 30-day suspension, with the penalty itself suspended during a six months ’ probationary period. Reversal is sought upon the ground, among others, that the determination is arbitrary and unreasonable. The facts sufficiently appear from the hearing minutes.
On the evening of June 11, 1970 respondent Country Club held a member-guest card party with about 100 people present. Complainant arrived while petitioner was engaged in a card game with others. According to complainant’s testimony, he sat and watched the game for about 15 minutes, during which time petitioner consistently cast aspersions, in explicit four-letter words, on one of the guest’s ability to play the game. Thereafter, the guest having elected to terminate his own participation, complainant chose to join the game as the petitioner’s partner. The gist of the complaint is that the complainant fared no better at the petitioner’s hands than had the departed *748 guest. Abusive language continued and allegedly rose to a volume audible throughout the room.
Other witnesses testified. One was present during the evening in question; he sat three or four tables away from petitioner and he heard nothing. Another sat at the table next to petitioner, and he heard abusive language on only one occasion that evening but quite readily admitted that he had heard others use loud profane language in the same room at other times. Three others testified that audibly profane language is nothing unusual in the club’s card room. Indeed, the complainant himself accurately portrayed both the prevailing atmosphere and his own seemingly justified sentiment by indicating that abusive language was nothing new there but that “ everybody has a point of saturation where you feel that enough is enough”. Upon this proof the penalty previously referred to was imposed.
CPLR 7803 (subd. 3) authorizes this court to consider whether the determination by the club’s governing board 11 was arbitrary and capricious or an abuse of discretion, including abuse of discretion as to the measure or mode of penalty or discipline imposed ’ ’. Petitioner is charged with misconduct. Is it arbitrary and capricious or an abuse of discretion to label as misconduct that which has been commonly and openly permitted and tolerated over an extended period of time?'
This court is of the opinion that it is. The meaning of misconduct varies with the context in which it is applied (Rodger v. American Kennel Club, 138 Misc. 310). Misconduct in one place may not be misconduct in another, particularly where it has long been treated as tolerated behavior. Language common in a club room may constitute contempt in court. Conduct acceptable at a sporting event may be out of place in a house of worship. The context in large part defines the standard, and the standard in large part is defined by commonly accepted practices. The record in this case leaves no doubt regarding the nature of language tolerated and used with more or less frequency in respondent’s club room. The respondent’s determination which found petitioner guilty of misconduct is, in the circumstances, arbitrary, capricious and an abuse of discretion. This, of course, is not to say that respondent may not change its standards and enforce them by appropriate action in the future. It is to say, however, that nonexistent or, at best, commonly violated standards may not be used as the predicate for misconduct in the circumstances of this case.
The determination of the respondent is accordingly reversed and vacated.