■ In the Matter of SIDNEY SPIEGELMAN, Respondent, v. ENGINEERS COUNTRY CLUB, INC., Appellant.— In a proceeding pursuant to article 78 of the CPLR to review appellant's determination, made on or about August 20, 1970, which, after a hearing before appellant's grievance committee, suspended the use of its facilities by petitioner, a member of appellant, the appeal is from a judgment of the Supreme Court, Nassau County, entered February 22, 1971, which vacated said determination. Judgment reversed, on the law, with costs; and proceeding dismissed on the merits and appellant's determination confirmed, with costs. Petitioner pleaded without contradiction that his membership is a valuable property right. However, the membership rights of the other club members are also valuable property rights and warrant protection. The disciplinary determination of the appellant club clearly was based on substantial evidence. Although there was testimony at the hearing in general as to profanity by others on other occasions, there was no evidence that profanity of the type heard on June 11, 1970 had previously been commonly used or tolerated,

much less permitted in front of guests. Therefore, appellant's determination cannot be said to be arbitrary, capricious or an abuse of discretion. It is also our conclusion that petitioner may not successfully resort to the Supreme Court for a vacatur of appellant's determination and then cut off, as moot, appellant's right of appeal, particularly in the light of the rationale of the decision of the Special Term. On the record as a whole we find that petitioner could not fail to know that the language utilized under the circumstances at bar could not be otherwise than improper and that he knew exactly what he was charged with and had no difficulty whatsoever in preparing and presenting his case and this proceeding. The pleadings and the record as a whole make it abundantly clear that appellant's determination was based on a finding that the charges in the written notices were established. In conclusion, we find that appellant's proceedings were fair and that no prejudicial errors have been shown by petitioner. Latham, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur. [64 Misc 2d 747.]