■ ETHEL HOFFERT, as a Member of the American Israeli Lighthouse, Inc., and on Behalf of Said Corporation and All Its Members, Respondent, v ENID DANK, as President of the American Israeli Lighthouse, Inc., et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County, entered May 12, 1976, denying defendants' (other than the Attorney-General's) motion to dismiss the complaint as a derivative action and granting partial summary judgment to the plaintiff, directing production of certain corporate records, modified, on the law, to the extent of granting the motion to dismiss the complaint as a derivative suit, and granting judgment on the eighth and ninth affirmative defenses (of those other than the Attorney-General's) and otherwise affirmed, without costs or disbursements. Ethel Hoffert instituted suit on her behalf and on behalf of all other members of the American Israeli Lighthouse, Inc., a not-for-profit corporation, to enjoin payment of a salary to its present president and to compel disclosure of the membership list and the corporation's financial records. The defendants (other than the Attorney-General) interposed an answer asserting, *inter alia,* that plaintiff has no standing to bring this suit since she does not represent 5% of the total membership of the corporation. The defendants applied at Special Term to dismiss the complaint on the ground that plaintiff lacked standing to sue. The Attorney-General supported the defendants on this point. Special Term found that the plaintiff did have standing and was not required to represent 5% or more of the members. We disagree. Subdivision (a) of section 623 of the Not-for-Profit Corporation Law provides that: "An action may be brought in the right of a domestic or foreign corporation to procure a judgment in its favor by five percent or more of any class of members or by such percentage of the holders of capital certificates or of the owners of a beneficial interest in the capital certificates of such corporation." Section 720 (subd [b], par [3]) of the Not-for-Profit Corporation Law further provides that an action may be brought against directors or officers of a corporation for misconduct: "Under section 623 (Members' derivative action brought in the right of the corporation to procure a judgment in its favor), by one or more of the members thereof." Special Term reasoned that the phrase "by one or more of the members thereof" found in section 720 would be rendered superfluous if the 5% requirement of section 623 were engrafted onto it. Yet, to what end was the phrase "[u]nder section 623" added to section 720 of the Not-for-Profit Corporation Law? We find that the phrase in section 720 of the Not-for-Profit Corporation Law, "one or more of the members thereof," is not mere surplusage. It distinguishes a section 720 action from a section 623 action in that the latter may be brought by either members or capital certificate holders, or owners of a beneficial interest in the capital certificates, while the former may be brought only by members. In any event, however, there must be a minimal 5% representation. Furthermore, were there to be a corporation with membership of 20 or less, then one member bringing suit

would meet the 5% requirement (6 White, New York Corporations [Not-for-Profit Corporation Law] [13th ed, 1975], § 623.01, p 6-188, n 11). We find therefore that the 5% representation requirement articulated in section 623 of the Not-for-Profit Corporation Law is applicable to section 720 (subd [b], par [3]) and have modified the order and judgment accordingly. Concur—Markewich, J. P., Capozzoli and Lane, JJ.; Kupferman and Silverman, JJ., dissent in part in the following memorandum by Kupferman, J.: Because I would affirm the judgment appealed from for the reasons stated by Fein, J., I concur only in the result reached by the majority. The merits do not warrant pursuing the matter further. However, it is by no means clear, as the majority would have it, that there be a requirement for 5% or more of the members of the organization to bring the suit. The members of a not-for-profit corporation could have the right to bring suit if there were no specific statute. (See *Tricarico v Society of St. Joseph,* 252 App Div 785, amd 252 App Div 796; cited with approval in Fisch, Freed & Schachter, Charities and Charitable Foundations [Lond Pub, 1974], § 720, p 563, n 7; see, also, *Wickes v Belgian Amer. Educational Foundation,* 266 F Supp 38.) Section 623 of the Not-For-Profit Corporation Law is derived from the Business Corporation Law, while section 720 derives from the General Corporation Law. Section 623, among other things, refers to "capital certificate holders", which we do not have in the case at bar. It is in business corporations that there has been developed the theory of ownership of a substantial amount of stock in order to prevent strike suits. To avoid engrafting on the Not-for-Profit Corporation Law the requirements of capital stock corporations, we should accept the language of section 623 without the number requirement of section 720, until or unless the Legislature clarifies the situation.