Xavier C. Riccobono, J.
This article 78 application, insofar as it seeks to set aside the election and parish meeting of the respondent Protestant Episcopal Church Corporation is denied.
*507 Subdivision 6 of section 43 of the Religious Corporations Law confers the right to vote at such a meeting upon persons "who have been * * * regular attendants at its worship and contributors to its support for at least twelve months prior to such election”.
Petitioners admittedly reduced their weekly contributions in the year before the meeting to 10 cents per week from a previous $1.50 per week. Thus they placed themselves in the position of giving a perfunctory, de minimus contribution which did not aid the respondent church corporation in the performance of its functions. Respondents cannot be said to have acted arbitrarily and capriciously in ruling that petitioners were not eligible to vote at the meeting (People ex rel. Osborn v Tuthill, 31 NY 550, 561, Matter of Williams, 57 Misc 327).
The application, insofar, as it seeks to direct respondent to elect a rector, is denied. This is a matter in which the temporal courts are required to keep hands off (Religious Corporation Law, § 25, Rector, Churchwardens & Vestrymen of Church of Holy Trinity v Melish, 3 NY2d 476, 483).
The applications, insofar as it seeks an accounting of its assets and financial transactions for the period from October 1, 1974, to the date of the judgment to be entered hereupon is granted. Respondent church corporation is required to render such an accounting by section 519 of the Not-For-Profit Corporation Law, made operative upon respondent through section 2-b of the Religious Corporations Law. The purported accounting by respondents fails to comply with the statutory requirement.