■ JEFFREY M. BERNBACH, Appellant, v BONNIE BRIAR COUNTRY CLUB et al., Respondents.—In an action to recover damages for breach of fiduciary duties, defamation and other relief against members of the Board of Governors of a not-for-profit corporation, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered March 31, 1988, as granted those branches of the defendants' motion which were to dismiss his second, third and fourth causes of action and as denied his cross motion to compel disclosure.

Ordered that the order is modified by denying that branch of the defendants' motion which was to dismiss the plaintiff's third cause of action; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The court properly dismissed the plaintiff's second and fourth causes of action. The second cause of action advanced a derivative claim seeking to recover for the alleged misconduct of the defendant Board of Governors. However, the plaintiff lacked standing to prosecute this claim as he did not represent 5% or more of any class of members of Bonnie Briar Country Club (N-PCL 623 [a]; *see, Hoffert v Dank,* 55 AD2d 518). Similarly, the plaintiff is not entitled to recover for the alleged wrongful termination of his membership *(see, Matter of Grace v Grace Inst.,* 19 NY2d 307; *Matter of Spiegelman v Engineers Country Club,* 38 AD2d 728), and thus the court properly dismissed the fourth cause of action.

However, the court should not have dismissed the plaintiff's third cause of action upon the ground stated. That cause of action sought to recover for alleged defamatory remarks made by members of the Bonnie Briar Country Club's Board of Governors after the plaintiff had an altercation with a fellow club member on a golf course. The court dismissed this cause

of action pursuant to the plaintiff's failure to overcome the qualified immunity conferred upon uncompensated officials of not-for-profit corporations *(see,* CPLR 3211 [a] [11]; N-PCL 720-a). These provisions, however, only grant a qualified immunity to officers of not-for-profit organizations described in section 501 (c) (3) of the Internal Revenue Code (26 USC). This provision, however, lists tax exempt organizations which are largely charitable or otherwise socially beneficial in nature. A country club may be entitled to tax exempt status, but only pursuant to 26 USC § 501 (c) (7). As the defendant country club is thus not a not-for-profit corporation as described in 26 USC § 501 (c) (3), its Board of Governors is not entitled to the qualified immunity provided by CPLR 3211 (a) (11) and N-PCL 720-a. Accordingly the court erred in dismissing the plaintiff's third cause of action predicated on the inapplicable standard of qualified immunity. With regard to this cause of action, sounding in defamation, we do not rule on its legal sufficiency since this was not raised in the respondents' brief.

We have examined the plaintiff's remaining contentions and find them to be without merit. Lawrence, J. P., Spatt, Sullivan and Balletta, JJ., concur.