■ Czeslaw Tomczak et al., on Behalf of the Polish Democratic Club of Greater New York, Inc., Appellants, v Mindy J. Trepel, as Administrator of the Estate of Edward W. Mallen, Deceased, et al., Respondents. [724 NYS2d 737] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered February 18, 1997, which granted now-deceased defendant Edward W. Mallen's motion to dismiss and denied plaintiffs' cross motion for leave to amend the complaint, unanimously affirmed, without costs.

This derivative action, seeking to nullify the sale of the headquarters of the Polish Democratic Club of Greater New York, Inc., was properly dismissed since the allegations in plaintiffs' amended verified complaint failed to "set forth with particularity the efforts of * * * plaintiffs to secure the initiation of such action by the board [or] the reason for not making such effort"

(Not-For-Profit Corporation Law § 623 [c]). While plaintiffs allege that unsuccessful demands were made on the Club's Board of Directors to initiate legal action, the complaint provides no indication as to who made the demands, when they were made, which Board members they were made to, the content of the demands or why the Board refused to take action. Although plaintiffs allege wrongdoing on the part of defendant Mallen, he was only one member of the Board. There is no allegation of wrongdoing against the other Board members, who are not named as defendants.

Nor did the IAS court err in denying plaintiffs' motion to amend the complaint to allege the contradictory claim that no demand was made upon the Board because a demand would have been futile (see, Bogoni v Friedlander, 197 AD2d 281, 292). Plaintiffs' conclusory allegations that Mallen was not a director and that the Board consisted of only two members and, thus, was not functionally constituted, was plainly without merit in light of documentary evidence in the record (see, Sharon Ava & Co. v Olympic Tower Assocs., 259 AD2d 315).

We have considered plaintiffs' remaining arguments to the extent that they are preserved and find them unavailing. Concur—Nardelli, J. P., Mazzarelli, Ellerin, Saxe and Buckley, JJ.