■ FRANKLIN WATSON, Respondent-Appellant, v RICHARD F. CHRISTIE, SR., et al., Defendants, and MANHATTAN HOLY BIBLE TABERNACLE, INC., et al., Appellants-Respondents. [732 NYS2d 405] —Order and judgment (one paper), Supreme Court, New York County (Jane Solomon, J.), entered May 17, 2001, granting plaintiff's motion to permit the inspection of certain books and records of defendant, Manhattan Holy Bible Tabernacle, Inc. (MHT), to the extent of permitting the inspection of such books and records for the years 1997 to present, and denying the motion to inspect the books and records of defendant Manhattan Bible Institute, Inc. (MBI), unanimously affirmed, without costs.

The court properly found that plaintiff was a member of MHT for purposes of invoking Not-For-Profit Corporation Law § 621. Although the plaintiff's "fellowship" may have been "suspended" by his failure to tithe and to take "the Lord's Supper," the by-laws of MHT do not define either "fellowship" or the effect of suspension. Furthermore, the by-laws clearly set out a different criterion for expulsion of one's membership, which affords a member an opportunity to resign and a hearing, neither of which has occurred. In fact, it is uncontested that no process of expulsion has occurred. This is not a case where plaintiff is seeking to force the church to perform some act against its will or seeking to define membership in a way opposed by the church. Plaintiff is simply trying to enforce his secular rights as a member, using the church's own criteria of membership and the pastor's own admission that plaintiff has not been expelled as a member (*cf., Rectors, Church Wardens & Vestrymen of St. Bartholomew's Church v Committee to Preserve St. Bartholomew's Church,* 85 AD2d 425, 428-429, *affd* 56 NY2d 71; *Matter of Anthony v Cardin,* 91 Misc 2d 506). In any event, defendant Dr. Christie himself admits that plaintiff has not been removed as either a member or a deacon of MHT.

Nor are defendant MHT's First Amendment rights violated by the inspection of the records, as the questions involved here

are not concerned with internal ecclesiastical or religious issues, but purely secular ones (*compare, Serbian E. Orthodox Diocese v Milivojevich,* 426 US 696, 724-725; *Presbyterian Church v Hull,* 393 US 440, 449; *see also, Mays v Burrell,* 124 AD2d 714 ["It is well established that absent the invasion of civil or property rights, courts will not interfere with matters * * * concerning the internal affairs of a church"]). It is also noteworthy that the record appears to support the conclusion that Dr. Christie, who is prosecuting this appeal purportedly on behalf of MHT, does not have the authority to represent MHT, as a majority of that body's board has expressly declined to authorize opposition to plaintiff's action. Thus, it is not at all clear that MHT itself is, in fact, opposing the inspection or asserting any First Amendment objections.

Furthermore, although N-PCL 621 (e) permits inspection for only the prior fiscal year, Dr. Christie admits that it is MHT's policy to allow broader inspection to members. Thus, the court properly recognized this policy by allowing inspection of the years 1997 to present. Contrary to defendant's contention, plaintiff has demonstrated a good faith basis and proper purpose in seeking the inspection, while defendant has failed to carry its burden of demonstrating bad faith (*see, Matter of Mayer v National Arts Club,* 223 AD2d 440; *Matter of Purnell v LH Radiologist,* 228 AD2d 360, *affd* 90 NY2d 524). Plaintiff, however, has not demonstrated a right or need to inspect any records of MHT beyond the years directed by the court.

The court properly held that plaintiff is not a member of MBI for purposes of N-PCL 621. Plaintiff failed to demonstrate that he ever performed the necessary requirements for membership in MBI. While MHT is a member of MBI, there is no showing that plaintiff would similarly be a member merely by virtue of his membership in MHT. Therefore, the court properly dismissed the action against MBI and the individual defendants, since plaintiff is not a member of MBI and there is no basis shown upon which he can seek inspection of records from the individual defendants.

We have examined the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Sullivan, P. J., Nardelli, Ellerin, Rubin and Friedman, JJ.