■ JOSEPH CLARK, Appellant, v DAVID TROIS et al., Respondents, et al., Defendant. [801 NYS2d 330]—

In an action, inter alia, to recover misappropriated funds of a not-for-profit corporation, the plaintiff appeals from an order of the Supreme Court, Rockland County (Bergerman, J.), dated December 1, 2003, which granted the motion of the defendants David Trois, Brent Newbury, Steven Chernick, James Coyle, and Cyril Kerr to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (1), (3), and (7), and the separate motion of the defendants Joseph Baumgartner, Richard P. Bunyan, and Bunyan & Baumgartner, LLP, to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (3) and (7), and denied his cross motion, inter alia, for leave to amend the complaint.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff commenced this action against various current

and former officers of the Rockland County Patrolmen's Benevolent Association, Inc. (hereinafter the RCPBA), the RCPBA's outside counsel, and two individual members of that law firm. The complaint alleged, inter alia, that the former RCPBA president improperly used grant money provided to the RCPBA to lease an automobile for his personal use. The defendants moved to dismiss the complaint, inter alia, on the ground that the plaintiff lacked standing to bring a derivative action against them on behalf of the RCPBA. The plaintiff cross-moved, inter alia, for leave to amend the complaint. The Supreme Court granted the defendants' motions to dismiss the complaint and denied the plaintiff's cross motion. We affirm.

The complaint does not allege that the plaintiff represents at least five percent of the membership of the RCPBA (see N-PCL 623 [a]). In addition, the complaint fails to set forth with particularity the efforts, if any, made by the plaintiff to secure the initiation of a derivative action by the corporation's executive board (see N-PCL 623 [c]). Accordingly, the Supreme Court properly granted the motions to dismiss the complaint (see Bernbach v Bonnie Briar Country Club, 144 AD2d 610 [1988]).

Moreover, the Supreme Court providently exercised its discretion in denying the plaintiff's cross motion, inter alia, for leave to amend the complaint to add additional causes of action. While generally leave to amend should be freely given (see CPLR 3025 [b]), there must be a proper basis for granting the motion, where, as here, it was made in response to a motion to dismiss (see Gannett Suburban Newspapers v El-Kam Realty Co., 306 AD2d 314 [2003]). Here, the plaintiff failed to demonstrate that the proposed amendment had merit (see Heckler Elec. Co. v Matrix Exhibits-N.Y., 278 AD2d 279 [2000]; Sharapata v Town of Islip, 82 AD2d 350, 362 [1981], affd 56 NY2d 332 [1982]).

An award of an attorney's fee based on frivolous conduct on the appeal, as requested by the respondents Joseph Baumgartner, Richard P. Bunyan, and Bunyan & Baumgartner, LLP, is not warranted (see generally Matter of National Union Fire Ins. Co. of Pittsburgh, Pa. v State Bank of Long Is., 6 AD3d 439, 441 [2004]).

The plaintiff's remaining contentions are without merit. Cozier, J.P., S. Miller, Mastro and Skelos, JJ., concur.