■ In the Matter of EDGAR ROMNEY et al., Appellants, et al., Petitioners, v JAY MAZUR et al., Respondents, et al., Respondents.
[860 NYS2d 568]—

In a proceeding pursuant to CPLR article 78, inter alia, to review three related determinations of the respondents, all dated November 9, 2004, removing the petitioners Edgar Romney, William Lee, May Chen, Susan Cowell, Christine Kerber, David Melman, Richard Rumelt, Robert Jordan, and Warren Pepicelli from their respective positions at the nonparty 21st Century ILGWU Heritage Fund, those petitioners appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Hart, J.), dated October 25, 2005, as granted those branches of the respondents-respondents' respective motions which were to dismiss the petition insofar as asserted by them and dismissed the petition insofar as asserted by them.

Ordered that the order and judgment is affirmed insofar as appealed from, with one bill of costs to the respondents-respondents appearing separately and filing separate briefs.

Pursuant to the certificate of incorporation and bylaws of the 21st Century ILGWU Heritage Fund (hereinafter the Fund), directors, officers, and members of the Fund can be removed at any time with or without cause by a majority of the members and without a meeting with the written consent of the necessary number of members. Here, the appellants were properly removed from their respective positions as directors, officers, and/or members of the Fund pursuant to those provisions (*see* N-PCL 601 [e]; § 706 [a], [b]; § 714 [a]). In addition, we agree with the Supreme Court that the appellants lacked standing to commence this CPLR article 78 proceeding on behalf of the Fund against the respondents, as the appellants were removed from their respective positions in November 2004, and thus did not represent any interest in the Fund at the time the proceeding was commenced in December 2004 (*see* N-PCL 623 [a], [b]; § 706 [d]; § 714 [c]; § 720 [b]; *Bernbach v Bonnie Briar Country Club,* 144 AD2d 610 [1988]).

The appellants' remaining contentions are without merit. Miller, J.P., Dillon, Balkin and Chambers, JJ., concur.