*753 In an action, inter alia, pursuant to Not-For-Profit Corporation Law § 621 to compel the production of certain books and records of the defendant New York Hahn Wolee Church, Inc., pursuant to Not-For-Profit Corporation Law § 720 to compel the defendants Chung Whan Kim, Jung Ho Choi, Hun Kyu Kim, and Jee Ho Kim to account for certain alleged misconduct, and for a judgment declaring that the defendants Chung Whan Kim, Jung Ho Choi, Hun Kyu Kim, and Jee Ho Kim engaged in certain unlawful conduct, the plaintiff appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Lefkowitz, J.), dated July 31, 2007, as, upon a decision of the same court dated July 11, 2007, in effect, granted that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) (2) to dismiss the complaint, dismissed the complaint, and declared, inter alia, that the alleged conduct of the defendants Chung Whan Kim, Jung Ho Choi, Hun Kyu Kim, and Jee Ho Kim was not unlawful.
Ordered that the order and judgment is modified, on the law, (1) by deleting the provision thereof, in effect, granting that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) (2) to dismiss so much of the first cause of action as was pursuant to Not-For-Profit Corporation Law § 621 to compel the production of certain books and records of the defendant New York Hahn Wolee Church, Inc., and substituting therefor a provision denying that branch of the motion, and (2) deleting the provision thereof declaring, inter alia, that the alleged conduct of the defendants Chung Whan Kim, Jung Ho Choi, Hun Kyu Kim, and Jee Ho Kim was not unlawful; as so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements, and so much of the first cause of action as was pursuant to Not-For-Profit Corporation Law § 621 to compel the production of certain books and records of the defendant New York Hahn Wolee Church, Inc., is reinstated, severed, and converted into a special proceeding pursuant to Not-For-Profit Corporation Law § 621 to determine whether the plaintiff is entitled to the production of those books and records.
In November 2006, the plaintiff, a member and former trustee and officer of the defendant not-for-profit corporation New York Hahn Wolee Church, Inc. (hereinafter the Church), commenced the instant action against the Church, its pastor, and several of its trustees. Alleging that the individual defendants diverted or *754 misappropriated Church funds, the plaintiff asserted causes of action, inter alia, pursuant to Not-For-Profit Corporation Law § 621 to compel the production of the Church’s books and records, pursuant to Not-For-Profit Corporation Law § 720 to compel the individual defendants to account for their alleged misconduct, to enjoin the individual defendants from accessing certain Church funds, and for a judgment declaring, among other things, that the election of the trustee who replaced him and the installation of a new Church pastor were accomplished in violation of the Church’s bylaws.
The defendants moved, inter alia, pursuant to CPLR 3211 (a) (2), (3) and (5) to dismiss the complaint. The Supreme Court essentially concluded that it lacked subject matter jurisdiction over this action because the issues presented could not be resolved by resort to neutral principles of law (see Matter of Congregation Yetev Lev D’Satmar, Inc. v Kahana, 9 NY3d 282, 286 [2007]). Thus, in the order and judgment appealed from, the Supreme Court, in effect, granted that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) (2) to dismiss the complaint, dismissed the complaint, and declared, inter alia, that the alleged conduct of the defendants Chung Whan Kim, Jung Ho Choi, Hun Kyu Kim, and Jee Ho Kim was not unlawful. We modify.
The Supreme Court erred in dismissing so much of the first cause of action as was pursuant to Not-For-Profit Corporation Law § 621 to compel the production of the Church’s books and records. Not-For-Profit Corporation Law § 621 authorizes any person who is a member of a not-for-profit corporation for at least six months immediately preceding an unsuccessful demand to inspect the corporation’s books and records to commence a special proceeding to compel the production of those books and records (see N-PCL 621 [b], [d]). Contrary to the Supreme Court’s determination, the issue of whether the plaintiff, who seeks to enforce a statutory right, is entitled to the production of the Church’s books and records, can be determined by resort to neutral principles of law (see CPLR 3211 [a] [2]; Matter of Congregation Yetev Lev D’Satmar, Inc. v Kahana, 9 NY3d at 286; First Presbyt. Church of Schenectady v United Presbyt. Church in U.S. of Am., 62 NY2d 110, 116-118 [1984]; cf. Watson v Christie, 288 AD2d 29 [2001]). Furthermore, while the defendants relied on a decision from a particular tribunal, which, they essentially asserted, was decisive of that issue, under the circumstances, that decision is not entitled to any res judicata or collateral estoppel effect (see CPLR 3211 [a] [5]; cf. First Presbyt. Church of Schenectady v United Presbyt. Church *755 in U.S. of Am., 62 NY2d at 121). Finally, we note that the defendants did not contest the plaintiffs standing to maintain a cause of action pursuant to Not-For-Profit Corporation Law § 621 (see CPLR 3211 [a] [3]; cf. Matter of Smith v Calvary Baptist Church, 35 AD3d 749, 750 [2006]).
However, we find that the remainder of the first cause of action, as well as the second and third causes of action, were properly dismissed, albeit for reasons different from those relied on by the Supreme Court. In this regard, the defendants established that the plaintiff lacked standing to assert the remaining causes of action (see CPLR 3211 [a] [3]). Since the record clearly demonstrates that the plaintiff seeks to vindicate the Church’s rights by asserting those causes of action, the causes of action had to be, but were not, asserted in the context of a derivative action brought by at least 5% of the Church’s members (see N-PCL 623 [a]; 720; Clark v Trois, 21 AD3d 439, 439-440 [2005]; Bernbach v Bonnie Briar Country Club, 144 AD2d 610 [1988]). In addition, the complaint fails to set forth with particularity the efforts of the plaintiff to secure the initiation of a derivative action by the Church’s Board of Trustees or the reason for not making such effort (see N-PCL 623 [c]; Clark v Trois, 21 AD3d at 440; Tomczak v Trepel, 283 AD2d 229, 229-230 [2001]; see also Bansbach v Zinn, 1 NY3d 1, 8-9 [2003]; Marx v Akers, 88 NY2d 189, 199-200 [1996]).
Although the plaintiff did not bring this action as a special proceeding pursuant to Not-For-Profit Corporation Law § 621 to compel the production of the Church’s books and records, “[generally, where an action or proceeding is brought in the wrong form or under an inappropriate statute, the court, in its discretion, may deem it brought in a proper fashion, thus avoiding a dismissal” (Matter of Schmidt [Magnetic Head Corp.], 97 AD2d 244, 250 [1983]; see CPLR 103 [c]; see also Port Chester Elec. Constr. Corp. v Atlas, 40 NY2d 652, 653 [1976]). Accordingly, we convert this action into a special proceeding pursuant to Not-For-Profit Corporation Law § 621 to determine whether the plaintiff is entitled to the production of the Church’s books and records (cf. Esformes v Brinn, 52 AD3d 459, 462-463 [2008]).
The plaintiff’s remaining contentions are without merit. Santucci, J.E, Covello, Leventhal and Belen, JJ., concur.