Spain, J.
Appeal from an order of the Supreme Court (Muller, J.), entered July 27, 2011 in Warren County, which, among other things, converted an application, brought pursuant to CPLR article 78, into a plenary action and dismissed the second cause of action.
Petitioner is a property owner in the Town of Queensbury, Warren County and a member of respondent, a domestic, not-for-profit corporation that is governed by its Declaration of Covenants, Restrictions, Easements, Charges and Liens (hereinafter declaration) and its bylaws. Petitioner commenced this proceeding alleging five claims against respondent, only one of which remains pending;[1] namely, that respondent’s July 2009 amendment to its 2009 budget and subsequent increase in monthly dues violated its declaration. Supreme Court denied respondent’s motion to dismiss the claim, finding that petitioner had standing, and converted the proceeding into a plenary action. Respondent appeals, and we now affirm.
Respondent asserts that Supreme Court erred in finding that petitioner had standing to challenge respondent’s amendment to its annual budget and subsequent increase in monthly dues. Specifically, respondent asserts that the claim is derivative, brought on behalf of the corporation and, as such, must comply with N-PCL 623 (a), which requires a member to be joined by enough other members or shareholders of the corporation such that the number of petitioners amounts to at least 5% of the total number of shareholders of the corporation (see N-PCL 623 [a]; Clark v Trois, 21 AD3d 439, 440 [2005], lv dismissed and denied 6 NY3d 829 [2006]). It is undisputed that petitioner does not represent 5% of respondent’s members.
We agree with Supreme Court that petitioner has standing to assert this claim in his individual capacity. Respondent’s declaration specifically provides that petitioner, or “any [o]wner[,] shall have the right to enforce, by any proceeding at law or in equity, all restrictions, conditions, covenants, reservations, hens and charges no [sic] or hereafter imposed by the provisions of *1327 this [declaration.” The Not-For-Profit Corporation Law creates limited standing for shareholders — that they would not otherwise have — to bring derivative actions; it does not operate to take away individual standing derived from other sources (see generally Caprer v Nussbaum, 36 AD3d 176, 182-184 [2006]). Here, the declaration recognizes petitioner’s standing to enforce his rights under the declaration and, here, petitioner alleges that when, in July 2009, respondent amended its budget and raised fees mid-year, it violated the declaration. Unlike a situation where an individual member seeks to redress some wrong to, and on behalf of, a corporation (compare Tae Hwa Yoon v New York Hahn Wolee Church, Inc., 56 AD3d 752, 753-754, 755 [2008] [claim for misappropriation of corporate funds]; Clark v Trois, 21 AD3d at 440 [same]; Bernbach v Bonnie Briar Country Club, 144 AD2d 610, 610 [1988] [claim for misconduct by corporation’s board resulting in harm to corporation], lv dismissed 74 NY2d 715 [1989]), here, petitioner alleges — as an individual stakeholder — that respondent’s board of directors has violated its declaration to the detriment of its individual members. Although judicial review of respondent’s exercise of authority with respect to assessing fees is limited,[2] its individual members are authorized to challenge actions allegedly taken in contravention of its declaration or bylaws (see Yusin v Saddle Lakes Home Owners Assn., Inc., 73 AD3d 1168, 1171-1172 [2010] [individual member challenged leash law imposed by board of homeowners’ association]; Levine v Greene, 57 AD3d at 628 [individual member challenged budget]; Forest Hills Gardens Corp. v West Side Tennis Club, 23 AD3d 338, 340 [2005] [member challenged imposition of maintenance fees]).
Finally, as petitioner has standing to bring suit against respondent, we discern no abuse of discretion in Supreme Court’s decision to convert the proceeding to a plenary action (see CPLR 103 [c]; Matter of Aydin v Commissioner of Taxation & Fin., 81 AD3d 1203, 1205 n [2011]; Hodges v Beattie, 68 AD3d 1597, 1598 [2009]).
Rose, J.E, Malone Jr., Garry and Egan Jr., JJ, concur. Ordered that the order is affirmed, with costs.

. At a preliminary conference, petitioner withdrew his first and third claims against respondent and, after reviewing the submissions of the parties, Supreme Court dismissed his second claim for want of standing. In his brief, petitioner acknowledges that he has now also withdrawn his fourth claim.

. “[A]bsent claims of fraud, self-dealing, unconscionability, or other misconduct, the court should apply the business judgment rule and should limit its inquiry to whether the action was authorized and whether it was taken in good faith and in furtherance of the legitimate interests of the corporation” (Levine v Greene, 57 AD3d 627, 628 [2008] [internal quotation marks and citation omitted]; see Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 542 [1990]).