Order, Supreme Court, New York County (Richard F. Braun, J.), entered July 2, 2014, which, insofar as appealed from, granted defendants’ motion to dismiss the derivative causes of action and for summary judgment dismissing the direct cause of action, unanimously reversed, on the law, without costs, and the motion denied.
Defendants are the corporate plaintiff’s majority shareholders, as well its officers, and directors. The individual plaintiffs are the corporation’s minority shareholders. Plaintiffs allege, inter alia, that defendants, as the persons responsible for the corporation’s day-to-day operations, improperly diverted *637 corporate opportunities to other companies owned by them, excluding plaintiffs from those opportunities.
The motion court correctly found that the complaint failed to set forth with particularity a demand by plaintiffs that the board commence an action against defendants (Business Corporation Law § 626 [c]; see Tomczak v Trepel, 283 AD2d 229, 229-230 [1st Dept 2001], lv dismissed in part, denied in part 96 NY2d 930 [2001]). However, the complaint adequately sets forth plaintiffs’ reasons for not making a demand (Business Corporation Law § 626 [c]). It alleges that defendants, as the corporation’s sole directors, were self-interested in the challenged conduct because they received a personal benefit as the owners of the corporations to which they diverted corporate opportunities (see Marx v Akers, 88 NY2d 189, 202 [1996]; Matter of Comverse Tech., Inc. Derivative Litig., 56 AD3d 49, 54 [1st Dept 2008]). Moreover, plaintiffs allege that defendants, in their role as directors, ignored plaintiffs’ earlier attempts to compel them to cease their alleged wrongdoing.
It was inappropriate for the motion court to dismiss the breach of contract cause of action in light of the allegations that defendants, as directors, did not act in good faith (see Lemle v Lemle, 92 AD3d 494, 497 [1st Dept 2012]). Plaintiffs allege, inter alia, that defendants denied them access to the company’s books and records, diverted corporate opportunities to their separate businesses, made substantial distributions and other payments to themselves to the exclusion of the minority shareholders, and misappropriated business assets. At this stage of the litigation, it cannot be said that the claim is barred as a matter of law by the business judgment rule and we accordingly reinstate it.
Concur — Acosta, J.P., Renwick, Moskowitz, Manzanet-Daniels and Feinman, JJ.