■ CULLIGAN SOFT WATER COMPANY et al., Appellants, v CLAYTON DUBILIER & RICE LLC et al., Respondents. [33 NYS3d 34]—

Order, Supreme Court, New York County (Jeffrey Oing, J.), entered June 11, 2015, which, based on the so-ordered transcript of a hearing dated May 28, 2015, granted the motion to dismiss the third amended complaint without prejudice, unanimously affirmed, without costs. Order, same court and Justice, entered August 17, 2015, which insofar as appealable and appealed from, denied plaintiffs' motion for leave to file a fourth amended complaint, unanimously reversed, on the law, without costs, and the motion granted. Order, same court and Justice, entered September 24, 2015, which denied plaintiffs' motion to disqualify Debevoise & Plimpton, LLP from representing any party in this action, unanimously affirmed, without costs.

Contrary to the decision of the lower court and the decision in *Kenney v Immelt* (41 Misc 3d 1225[A], 2013 NY Slip Op 51831[U] [Sup Ct, NY County 2013]), under Business Corporation Law § 626 (c), there is no pleading standard requiring that a shareholder bringing a derivative action who alleges the ef-

forts he or she made, in making a pre-suit demand on the board to take action, also allege that the board wrongfully rejected the demand, and this Court's decision in *Tomczak v Trepel* (283 AD2d 229 [1st Dept 2001], *lv denied, dismissed* 96 NY2d 930 [2001]) should not be read to support such conclusion. However, plaintiffs here, who made pre-suit demands but then filed the complaint without giving the board a reasonable opportunity to investigate and respond to the demands, did not satisfy the demand requirement and cannot satisfy the Business Corporation Law § 626 (c) pleading standards based on their allegations of their efforts to obtain board action (*see Barr v Wackman*, 36 NY2d 371, 381 [1975]; *MacKay v Pierce*, 86 AD2d 655 [2d Dept 1982]). But, compliance may be found in these circumstances where the complaint alleges "demand futility" (*see Marx v Akers*, 88 NY2d 189, 198 [1996]) with adequate particularity (*MacKay*, 86 AD2d at 655; *see also Soho Snacks Inc. v Frangioudakis*, 129 AD3d 636 [1st Dept 2015]). Here we find that the allegations of demand futility in the third amended complaint were inadequate to satisfy the pleading requirements of Business Corporation Law § 626 (c), and thus the complaint was properly dismissed.

We further find that the court erred in denying plaintiffs' motion for leave to file a fourth amended complaint. While the proposed complaint submitted by plaintiffs was also palpably insufficient with respect to its allegations of demand futility, plaintiffs repleaded the complaint to comply with the dictates of the erroneous prior order, which held that allegations of demand futility were irrelevant given the fact plaintiffs had made pre-suit demands. Plaintiffs should be afforded the opportunity to amend their complaint to satisfy the correct pleading standard.

The court properly denied the motion to disqualify Debevoise & Plimpton, LLP from representing any party in this action. However, to the extent plaintiffs' complaint, as repleaded, survives the pleading stage, the nominal defendant should, at that time, obtain separate counsel (*see MacKay*, 86 AD2d at 655). Concur—Tom, J.P., Mazzarelli, Andrias, Manzanet-Daniels and Gesmer, JJ.