Schaefer v Chautauqua Escapes Assn., Inc. (2018 NY Slip Op 00751)





Schaefer v Chautauqua Escapes Assn., Inc.


2018 NY Slip Op 00751


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


1445 CA 17-01156

[*1]ROBERT SCHAEFER AND KIMBERLY SCHAEFER, PLAINTIFFS-APPELLANTS,
v
CHAUTAUQUA ESCAPES ASSOCIATION, INC., BOARD OF DIRECTORS OF CHAUTAUQUA ESCAPES ASSOCIATION, INC., AND CAMP CHAUTAUQUA, INC., DEFENDANTS-RESPONDENTS. 






ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (PAUL V. WEBB, JR., OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (MAURICE L. SYKES OF COUNSEL), FOR DEFENDANTS-RESPONDENTS CHAUTAUQUA ESCAPES ASSOCIATION, INC., AND BOARD OF DIRECTORS OF CHAUTAUQUA ESCAPES ASSOCIATION, INC. 
LUNDBERG LAW P.C., JAMESTOWN (DANA A. LUNDBERG OF COUNSEL), FOR DEFENDANT-RESPONDENT CAMP CHAUTAUQUA, INC. 


 Appeal from an order of the Supreme Court, Chautauqua County (Frank A. Sedita, III, J.), entered December 12, 2016. The order denied the motion of plaintiffs for partial summary judgment and granted the cross motions of defendants for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs are lot owners in the Chautauqua Escapes residential subdivision in the Town of North Harmony, County of Chautauqua. Defendant Chautauqua Escapes Association, Inc. (Association) is a not-for-profit corporation comprised of property owners within the subdivision and, inter alia, enforces the "Declaration of Protective Covenants, Conditions, Restrictions, Easements, Charges and Liens - Chautauqua Escapes" for the subdivision (Declaration). In 1999, defendant Board of Directors of Chautauqua Escapes Association, Inc. (Board) resolved to waive any assessments on two lots owned by defendant Camp Chautauqua, Inc. (Sponsor), the entity that originally developed the subdivision and incorporated the Association. Plaintiffs commenced this action and asserted two causes of action. The first cause of action advanced a breach of contract theory seeking damages from, inter alia, the Sponsor on behalf of the Association for various unpaid assessments for the period covering 1999-2015 and for the alleged failure of the Sponsor to keep one of the amenities, i.e., the Lodge building, in good repair as required by the Declaration and the Use of Facilities Agreement. The second cause of action alleged a breach of fiduciary duty by the Board. Plaintiffs moved for partial summary judgment, and defendants cross-moved for summary judgment dismissing the complaint against them. Supreme Court denied plaintiffs' motion and granted defendants' cross motions, relying extensively on the business judgment rule (see 19 Pond, Inc. v Goldens Bridge Community Assn., Inc., 142 AD3d 969, 970 [2d Dept 2016]). We affirm, but our reasoning differs from that of the court.
In cross-moving for summary judgment, the Sponsor asserted that plaintiffs lacked standing to bring any claims "on behalf" of the Association. The court did not expressly decide the standing aspect of the Sponsor's cross motion, and we therefore deem it denied (see Brown v [*2]U.S. Vanadium Corp., 198 AD2d 863, 864 [4th Dept 1993]). Although the Sponsor is not aggrieved by the court's order and thus did not cross appeal (see generally id.), we conclude that the Sponsor may properly raise the issue of standing as an alternate ground for affirmance on appeal (see Layaou v Xerox Corp., 298 AD2d 921, 922 [4th Dept 2002]). With respect to the issue of plaintiffs' standing, we begin by observing that plaintiffs' attempt to recover damages from the Sponsor on behalf of the Association is a purely derivative claim (see Tae Hwa Yoon v New York Hahn Wolee Church, Inc., 56 AD3d 752, 753-755 [2d Dept 2008]). Inasmuch as the record establishes that plaintiffs seek to vindicate the Association's rights and recover damages on behalf of the Association, plaintiffs' breach of contract cause of action had to be, but was not, asserted in the context of a derivative action brought by at least 5% of the Association members (see N-PCL 623 [a]). The complaint also fails to set forth with particularity the efforts of plaintiffs to secure the initiation of a derivative action by the Association's Board or the reason for not making such effort (see N-PCL 623 [c]). We therefore conclude that plaintiffs lacked standing to assert any derivative claims on behalf of the Association (see Matter of St. Denis v Queensbury Baybridge Homeowners Assn., Inc., 100 AD3d 1326, 1326 [3d Dept 2012]). Thus, the claims for damages in the first cause of action, asserted against the Sponsor on behalf of the Association and in one instance against the Sponsor and the Board, were properly dismissed.
In any event, even assuming, arguendo, that plaintiffs had standing with respect to the claim in the first cause of action against the Sponsor on behalf of the Association for past assessments allegedly due on lots #138 and #139 for the period from 1999-2013, we conclude that the alleged breach of the Declaration occurred in 1999 when the Board resolved to waive those assessments. Thus, the court properly determined that plaintiffs' entire claim for those past due assessments was time-barred (see CPLR 203 [a]; 213 [2]; Henry v Bank of Am., 147 AD3d 599, 601-602 [1st Dept 2017]).
With respect to plaintiffs' claim for damages from the Sponsor and the Board in the first cause of action for increasing payment to the Sponsor in 2013-2015 without satisfactory evidence of actual expenses incurred by the Sponsor, we conclude that section 11.03 of the Declaration precludes any such recovery. That section provides that "[n]o liability shall attach to the Sponsor[,] the Association (or any officer, director, employee, Member, agent, committee or committee member) or to any other person or organization for failure to enforce the provisions of the Declaration." We therefore conclude that the court properly dismissed that claim.
Plaintiffs' cause of action alleging breach of fiduciary duty by the Board fails to allege any acts on the part of the Board members that were separate and apart from their collective actions taken on behalf of the Association (see 20 Pine St. Homeowners Assn. v 20 Pine St. LLC, 109 AD3d 733, 735-736 [1st Dept 2013]), and thus that cause of action is also precluded by section 11.03 of the Declaration and was properly dismissed.
We have considered plaintiffs' remaining contentions and conclude that none requires modification or reversal of the order.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court