■ In the Matter of SUNNYDALE FARMS, INC., Respondent, against PREMIUM DAIRY CO. INC., et al., Appellants.— In a proceeding pursuant to article 78 of the Civil Practice Act for an inspection of the records of a corporation, the corporation and its president by notice dated September 22, 1958 appeal from an order entered August 20, 1958 granting the application and from an order entered September 11, 1958 resettling the order entered August 20, 1958. Order entered September 11, 1958 modified by striking therefrom the ordering paragraph and by substituting therefor provisions that the order entered August 20, 1958 be vacated and that the motion for resettlement be dismissed. As so modified, order entered September 11, 1958 unanimously affirmed, with costs to abide the event, and proceeding remitted to the Special Term for a trial of the issues of fact, in accordance with section 1295 of the Civil Practice Act, as to the good faith of respondent and as to its purpose in seeking the inspection and for determination in the light of such proof. Respondent and the corporate appellant are competitors. The defense and facts set forth in the answering affidavit in support thereof that the application was motivated by a desire to obtain confidential information by a competitor for its own purposes, create an issue of fact which must be resolved after a hearing (*Matter of Schulman* v. *Dejonge & Co.*, 270 App. Div. 147; *Matter of Breswick & Co.* v. *Greater N. Y. Inds.*, 308 N. Y. 1041). Appeal from order entered August 20, 1958 dismissed, without costs. The corporation and its president, having appealed from the order entered September 11, 1958, could not appeal from the order entered August 20, 1958. (Cf. Civ. Prac. Act, § 562-a; *Matter of Knapp & French*, 170 App. Div. 958.) Present — Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ.

■ In the Matter of VIT-AL BUILDING CORP., Respondent, against CHARLES ECCLESTON et al., Constituting the Board of Zoning Appeals of the Incorporated Village of Massapequa Park, Appellants.— Proceeding pursuant to article 78 of the Civil Practice Act to review a determination of the Board of Zoning Appeals of the Incorporated Village of Massapequa Park which denied an appeal from the refusal of the Chief Building Inspector of the village to issue a building permit. The Board of Zoning Appeals and the Chief Building Inspector appeal from an order granting the petition. Respondent is a contract vendee of real property in the village, which property has a street frontage of 40 feet, a depth of 100 feet and a total lot area of 4,000 square feet. The village zoning ordinance provides that in the district in which the property is situated the minimum area for each building and accessory buildings shall be 6,000 square feet and that the minimum average width of the lot for each such building and accessory buildings shall be 60 feet, but provides also as an exception that on any lot having an average width of not less than 40 feet in separate ownership at the time of the passage of the ordinance, any use permitted in the district in which the lot is located shall be permitted even though it does not conform to the lot area and the lot width required. Concededly the lot which respondent has contracted to purchase falls squarely within the provisions of the exception. Order unanimously affirmed, with costs. We are in accord with the determination at Special Term that respondent was entitled to the relief which it sought as a matter of right. If the provisions of the ordinance are unsatisfactory to appellants the remedy is by amendment by action of the Town Board. The Village Board of Zoning Appeals may not effect such amendment by the imposition of conditions, not authorized by the ordinance, on the issuance of building permits. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ.