■ In the Matter of HYMAN BERNSTEIN, Respondent, v. GARDEN HILL ESTATES, INC., et al., Appellants. (And Four Other Actions.) — Orders entered on May 10, 1965, May 14, 1965 and June 22, 1965 appealed from unanimously reversed on the law and the facts, with $30 costs and disbursements to abide the event, and the matter remanded to Special Term for a hearing to determine the good faith of petitioner in seeking inspection of the books and records of appellants. Where, as here, substantial judgments have been obtained against petitioner-respondent by some of the corporations involved, arising out of his wrongful conduct and breaches of trust as president of such corporations (*Garden Hill Estates* v. *Bernstein,* 24 A D 2d 512), his good faith is suspect. Moreover, in 1957–1958 upon discovery by appellants of respondent's disloyalty, respondent moved to Virginia, apparently seeking to place himself beyond retributive reach, and ceased participation in corporate activities. It may be noted that Sky Construction Co., Inc., and Sky Construction Co. at New City, Inc., are merely separate corporations formed to construct single-family homes for Garden Hill Estates, Inc., and Garden Hill Estates at New City, Inc., respectively. The building ventures were entirely delegated to respondent and the breaches of trust followed. Appellant Garden Valley Homes, Inc., acquired a parcel of vacant land which was never developed, the experience of the other corporations being a major contributing factor thereto, and a certificate of dissolution was filed October 21, 1964. In the facts and circumstances of this case a bare statement of or in compliance with the requirements of section 624 of the Business Corporation Law (cf. Stock Corporation Law, § 10), under which the examination is sought, does not establish respondent's right to the examination (*Matter of Cravatts* v. *Klozo Fastener Corp.,* 205 Misc. 781) or his good faith beyond question, nor prima facie that the information sought is necessary to protect the respondent's interest (cf. *Matter of Tate* v. *Sonotone Corp.,* 272 App. Div. 103). Appellants, on the other hand, show sufficient to raise a serious question of respondent's good faith and motives (*Matter of Durr* v. *Paragon Trading Corp.,* 270 N. Y. 464; *Matter of Steinway,* 159 N. Y. 250; cf. *Matter of Coombs* v. *Edwards,* 280 N. Y. 361; *Matter of Schulman* v. *Dejonge & Co.,* 270 App. Div. 147). (But cf. *Matter of Mook* v. *American Fabrics,* 24 A D 2d 971.) Respondent exhibited neither loyalty nor allegiance to these corporations or to the corporate interests. In substance the court so found and stated in the cited cases, *Garden Hill Estates* v. *Bernstein* (*supra*). To now hold respondent is entitled to examination merely by reason of his claimed status as director, which is disputed, and shareholder and to preclude inquiry of *bona fides,* would be to disregard those findings, the present record, and, in effect, sanction his wrongdoing. The law designed for the protection of corporate interests would be rendered ineffective and its purpose frustrated. As important as the bare language of the law is its purpose and intent, the two together determining its construction. These corporations were closed corporations consisting only of the individual appellants and the respondent. The record affords room for the exercise of a reasonable discretion so a hearing is directed on the issues. Concur — Botein, P. J., Breitel, Stevens, Eager and Steuer, JJ.