■ In the Matter of RDR ASSOCIATES, INC., Respondent, v MEDIA CORPORATION OF AMERICA, Appellant.—Judgment, Supreme Court, New York County, entered January 16, 1978, granting, *inter alia,* petition to examine respondent's books of account and to make extracts and copies thereof, unanimously modified, on the law, on the facts, and in the exercise of discretion, without costs and without disbursements, to the extent of vacating the grant of the petition and directing a hearing on the question of petitioner's good faith, and further directing respondent to furnish to petitioner an up-to-date current balance sheet and profit and loss statement within 30 days from the date of service by petitioner upon respondent, of a copy of the order to be entered hereon with notice of entry. Except as so modified, the judgment is affirmed. The petitioner (RDR) and the respondent (MCA) are active competitors in the independent media-buying service industry. Albert B. Shepard, president of MCA, is a former executive employee of RDR. In 1969, RDR sued MCA and Shepard, alleging, *inter alia,* that while still employed by RDR, Shepard had unlawfully diverted business from RDR to MCA. The action was settled in 1970 by MCA issuing to RDR some of its shares of stock, apparently in lieu of a cash payment thus resulting in the anomalous and uncomfortable relationship reflected in this record. This lawsuit was commenced by a petition seeking an order, pursuant to section 624 of the Business Corporation Law, directing that RDR be permitted to inspect and make extracts and copies from books and records required to be kept in compliance with that section. The petition alleged that MCA had never furnished to petitioner any balance sheet or financial report, never declared a dividend, and never sent notices of meetings of shareholders for the election of directors, or for any other purpose. The application was opposed by MCA essentially on the argument that the examination of its books of account by RDR would give a competitor an unfair and unwarranted business advantage, and was not sought in good faith. In an opinion at Special Term, the court granted the motion "to the extent of directing examination of minutes of the proceedings of shareholders and record of shareholders pursuant to paragraph (b) of Section 624 of the BCL and the preparation and delivery of the annual balance sheet and profit and loss statement pursuant to paragraph (c) of the BCL." The motion to examine the books of account was denied without prejudice. Thereafter,

the court signed an order (the counterorder submitted by MCA), which in one significant respect failed to carry out the clear intent of the opinion and limited RDR's unquestioned right under subdivision (e) of section 624 of the Business Corporation Law to examine the "annual balance sheet and profit and loss statement for the preceding fiscal year". The signed order provided for delivery to RDR of the "annual balance sheet and profit and loss statement for the preceding fiscal year that respondent has distributed to its shareholders or otherwise made available to the public." The point of this phrasing in MCA's counterorder became apparent when it developed that the balance sheet of July 31, 1971 was the last one distributed to its shareholders. Thereafter, RDR again petitioned for an order directing that it be permitted to examine the books of account of respondent and to make extracts and copies therefrom. In its opposing papers, MCA contended, *inter alia,* that the relief requested was not sought in good faith and that it was entitled to a hearing on that question. It is clear that a shareholder's right to examine books of account derives from the common law, and not from statute, and can be asserted only where the shareholder is acting in good faith and has established that the inspection is sought for a proper purpose. (See *Matter of Crane Co. v Anaconda Co.,* 39 NY2d 14; *Matter of Waldman v Eldorado Towers,* 25 AD2d 836, affd 19 NY2d 843; *Matter of Steinway,* 159 NY 250.) Where a substantial question is raised as to the shareholder's good faith and motives in seeking such an inspection, a hearing is required. (See, e.g., *Matter of Bernstein v Garden Hill Estates,* 24 AD2d 972.) On the face of it, MCA's policies with regard to disclosure of pertinent information to its shareholders are far from commendable. Nor are we pleased by the deceptive tactic employed in the phrasing of the counterorder previously submitted to Special Term. Nonetheless, the highly competitive relationship between these parties and the history of prior litigation and bitterness clearly present a factual issue as to RDR's motives and good faith that cannot be resolved without a hearing. On the other hand, as already noted, RDR has an unqualified statutory right to examine the annual balance sheet and profit and loss statement for the preceding fiscal year. In view of MCA's record with regard to the disclosure of such documents, we direct MCA promptly to prepare (if it has not already done so) and to make available to RDR a current and up-to-date balance sheet and profit and loss statement. Concur—Evans, J. P., Fein, Lane, Markewich and Sandler, JJ.