■ In the Matter of HARRY WOLBERG et al., Respondents, v WOLBERG ELECTRICAL SUPPLY Co., INC., et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered September 25, 1978 in Albany County, which granted an application by petitioners to inspect the corporate books and records of Wolberg Electrical Supply Co., Inc. Petitioners brought this proceeding, pursuant to section 624 of the Business Corporation Law, seeking to examine certain books and records of Wolberg Electrical Supply Co., Inc. (Supply). In their application petitioners alleged that they owned some 305 shares of the 941 common shares without par value outstanding; that they had not inspected the books and records of the corporation since July, 1977; that their demand to inspect had been denied; that the inspection sought was not for the purpose of communicating with shareholders in the interest of a business or object other than the business of the corporation; and that they had not within five years sold or offered for sale any list of shareholders of any domestic or foreign corporation or aided any person in securing any such list for any such purpose. Respondents incorporated in their answer allegations to the effect that petitioner Harry Wolberg was an officer of Supply prior to August 1, 1977; that prior and subsequent to August 1, 1977 Harry Wolberg in concert with other employees of Supply incorporated Loyal Supply Company as a competitor to Supply and diverted customers of Supply, interferred with its relationship to suppliers, and induced key employees of Supply to leave. Respondents also alleged that Harry Wolberg sought to examine the corporate records for an improper and unlawful purpose and in aid of his intention to destroy or damage Supply. Special Term granted petitioner's application excepting from inspection, however, the names and addresses of customers and the accounts receivable of the corporation. This appeal ensued. In view of petitioners' allegations of compliance with section 624 of the Business Corporation Law, their *bona fides* will be presumed and it becomes incumbent on the respondents to justify the refusal by showing an improper purpose or bad faith *(Matter of Crane Co. v Anaconda Co.,* 39 NY2d 14). Respondents, in their answering papers, have raised substantial questions of fact concerning petitioners' good faith and motives in seeking examination of the corporation's books and records. Accordingly, a hearing is required to determine petitioners' good faith *(Matter of Cohen v Cocoline Prods.,* 309 NY 119; *Matter of RDR Assoc. v Media Corp. of Amer.,* 63 AD2d 888; *Matter of Sunnydale Farms v Premium Dairy Co.,* 7 AD2d 737). The order, therefore, must be reversed and the matter remitted to Special Term. Order reversed, on the law and the facts, without costs, and matter remitted to Special Term for a hearing to determine the good faith of petitioners in seeking inspection of the books and records of Wolberg Electrical Supply Co., Inc. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.