■ In the Matter of C. ROGER NIGGLI, Respondent, v RICH-LIN MACHINERY, INC., Appellant. [684 NYS2d 254] —In a proceeding pursuant to CPLR article 78 to compel the production of the books and records of the corporate respondent pursuant to Business Corporation Law § 624, the appeal is from a judgment of the Supreme Court, Suffolk County (D'Emilio, J.), dated November 12, 1997, which granted the petition.

Ordered that the judgment is reversed, without costs or disbursements, and the matter is remitted to Supreme Court, Suffolk County, for further proceedings in accordance herewith.

Although the petitioner's common-law right, as a shareholder, to inspect the appellant's corporate books and records "is enforcible subject to the sound discretion of the Trial Judge" (*Matter of Ochs v Washington Hgts. Fed. Sav. & Loan Assn.,* 17 NY2d 82, 88), such authority to inspect is qualified and can only be asserted where the shareholder is acting in good faith and has established that inspection is for a proper purpose (*see, Matter of Crane Co. v Anaconda Co.,* 39 NY2d 14, 18; *Matter of Ochs v Washington Hgts. Fed. Sav. & Loan Assn., supra*). "Where a corporation raises a substantial question of fact concerning a petitioner's good faith and motives in seeking examination of the corporation's books and records, a hearing must be held to determine the petitioner's good faith" (*Matter of De Paula v Memory Gardens,* 90 AD2d 886, 887; *see, Matter of Ochs v Washington Hgts. Fed. Sav. & Loan Assn., supra; Matter of Wolberg v Wolberg Elec. Supply Co.,* 72 AD2d 903). In the instant case, the appellant raised a substantial question of fact concerning the petitioner's good faith and motive in seeking examination of its books and records. Therefore, the matter is remitted to the Supreme Court for a hearing on this issue (*see, Matter of Ochs v Washington Hgts. Fed. Sav. & Loan Assn., supra; Matter of De Paula v Memory Gardens, supra; Matter of Wolberg v Wolberg Elec. Supply Co., supra*). Miller, J. P., Thompson, McGinity and Luciano, JJ., concur.