◼ In the Matter of MICHAEL J. TROCCOLI, JR., Respondent, v L & B CONTRACT INDUSTRIES, INC., Appellant. [687 NYS2d 400] —In a proceeding pursuant to CPLR article 78 and Business Corporation Law § 624, *inter alia,* to compel the production of the books and records of the appellant corporation, the appeal is from a judgment of the Supreme Court, Rockland County (Weiner, J.), dated January 5, 1998, which granted the petition.

Ordered that the judgment is modified by deleting the third decretal paragraph thereof and substituting therefor a provision directing a hearing on the issue of which of the corporate books and records described in Exhibit A to the verified petition, and for what time period, are relevant and necessary for the petitioner's purposes; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Rockland County, for further proceedings consistent herewith.

It is well settled that a shareholder has a common-law right to inspect a corporation's books and records if the inspection is sought in good faith and for a valid purpose (*see, Matter of Crane Co. v Anaconda Co.,* 39 NY2d 14; *Matter of Ochs v Washington Hgts. Fed. Sav. & Loan Assn.,* 17 NY2d 82; *Matter of Niggli v Richlin Mach.,* 257 AD2d 623). A hearing must be held on the issue of good faith where the corporation raises a substantial question of fact as to the shareholder's good faith and motives (*see, Matter of Ochs v Washington Hgts. Fed. Sav. & Loan Assn., supra; Matter of Niggli v Richlin Mach., supra; Matter of De Paula v Memory Gardens,* 90 AD2d 886; *Matter of RDR Assocs. v Media Corp.,* 63 AD2d 888).

Here, the petitioner Michael Troccoli, Jr., demonstrated his good faith and a facially valid purpose for his petition to compel the appellant corporation to produce its books and records for inspection and copying. He averred that he required the information in order to evaluate the worth of his shares and to

pursue his concern regarding the corporation's failure to declare any dividends since he obtained the shares over 20 years ago (*see, Matter of Tatko v Tatko Bros. Slate Co.,* 173 AD2d 917; *see also, Berkowitz v Astro Moving & Stor. Co.,* 240 AD2d 450). Since the corporation's allegations failed to raise a substantial question of fact as to Troccoli's good faith and motives, a hearing on that issue was not required.

We agree with the corporation, however, that the Supreme Court failed to properly exercise its discretion in determining whether inspection of all of the books and records described in Exhibit A annexed to the petition and for the time period described in the petition was relevant and necessary for Troccoli's purposes. Accordingly, the matter is remitted for a hearing on that issue (*see, Matter of Tatko v Tatko Bros. Slate Co., supra*).

The corporation's remaining arguments are without merit. O'Brien, J. P., Ritter, Thompson and Joy, JJ., concur.