■ In the Matter of CARL G. SMITH, SR., Appellant, v CALVARY BAPTIST CHURCH et al., Respondents. [826 NYS2d 431]—

In a proceeding pursuant to CPLR article 78 and Not-For-Profit Corporation Law § 621 to compel the production of certain books and records of the respondent Calvary Baptist Church, the petitioner appeals from a judgment of the Supreme Court, Queens County (Hart, J.), dated March 29, 2005, which, in effect, denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.

The Supreme Court improperly, in effect, denied the petition to compel the production of certain books and records of the respondent Calvary Baptist Church (hereinafter the Church) and dismissed the proceeding on the ground that the petitioner lacked standing to commence the proceeding. A proceeding to compel the production of the books and records of a not-for-profit corporation may be commenced by "[a]ny person who shall have been a member of record of [the] corporation for at least six months immediately preceding his demand" for the records made upon the corporation (Not-For-Profit Corporation Law § 621 [b]). Although the record indicates that the petitioner was no longer a member of the Church's Board of Deacons during the relevant period, the petitioner's status as a member of the congregation during that period was sufficient to confer standing upon him for purposes of Not-For-Profit Corporation Law § 621 (see Watson v Christie, 288 AD2d 29 [2001]).

Moreover, the petitioner did not fail to name the correct parties as respondents. The relevant statute authorizes the commencement of a proceeding against "the corporation, its officer or [its] agent" (Not-For-Profit Corporation Law § 621 [d]). Here, the Church is the corporation, and the record indicates that the individual respondents are officers or agents of the Church.

Nor was the petition subject to denial on the merits, since the papers accompanying the petition showed that the petitioner was acting in good faith and seeking the production of the records for a proper purpose, and the respondents, having failed to oppose the petition, did not raise "a substantial question of fact as to the [petitioner's] good faith and motives" (Matter of Troccoli v L & B Contr. Indus, 259 AD2d 754 [1999]; see Matter of Crane Co. v Anaconda Co., 39 NY2d 14, 18 [1976]; Matter of

*Niggli v Richlin Mach.*, 257 AD2d 623 [1999]; *Matter of Mayer v National Arts Club*, 223 AD2d 440 [1996]).

We find, however, that the petition's description of the records to be produced is vague, and that the temporal scope of the demand for production is broader than that of the petitioner's original demand made upon the Church. To the extent that the demand for production is overbroad, the Supreme Court may exercise its discretion to narrow its focus so that the Church is required to produce only those records that are "relevant and necessary for [the petitioner's] purposes" (*Matter of Troccoli v L & B Contr. Indus, supra* at 755). Accordingly, we remit the matter to the Supreme Court, Queens County, for a hearing on that issue prior to a new determination on the petition (*see Matter of Troccoli v L & B Contr. Indus., supra* at 755; *Matter of Tatko v Tatko Bros. Slate Co.*, 173 AD2d 917, 919 [1991]). Prudenti, P.J., Krausman, Mastro and Rivera, JJ., concur.