■ In the Matter of ABBEY F. GOLDSTEIN, Respondent, v ACROPOLIS GARDENS REALTY CORP., Appellant. [982 NYS2d 922]—

In a proceeding pursuant to CPLR article 78 to compel the production and inspection of certain books and records, Acropolis Gardens Realty Corp. appeals (1), as limited by its brief, from stated portions of an order and judgment (one paper) of the Supreme Court, Queens County (Taylor, J.), dated August 10, 2012, which, upon renewal, inter alia, granted the petition and directed it to permit the petitioner to inspect and examine all of its records, papers, and contracts from January 2001 until the present, and (2) from so much of an order of the same court dated December 19, 2012, as denied that branch of its motion which was for leave to renew its opposition to the petition.

Ordered that the order and judgment and the order are affirmed insofar as appealed from, with one bill of costs.

The petitioner is a shareholder of Acropolis Gardens Realty Corp. (hereinafter Acropolis), a cooperative apartment corporation. Beginning in 2009, he sought access from Acropolis's Board of Directors (hereinafter the Board) to, inter alia, various corporate documents and a list of all shareholders, including their mailing addresses. After not receiving the requested information and records from the Board and its management company, he filed the instant petition to compel the production of the requested information and records. In an order and judgment dated August 10, 2012, the Supreme Court, upon renewal, granted the petition and directed Acropolis to, inter alia, provide the petitioner with a list of all shareholders and their mailing addresses and to permit the petitioner and his representative to inspect and examine all of Acropolis's books, records, papers and contracts, including minutes of the Board's meetings, from January 2001 until the present. Thereafter, Acropolis moved, inter alia, for leave to renew its opposition to the petition. In an order dated December 19, 2012, the Supreme Court denied that

branch of Acropolis's motion which was for leave to renew its opposition to the petition.

Contrary to Acropolis's contention, the petitioner satisfied the requirements of Business Corporation Law § 624 (b), and is, therefore, entitled to a list of shareholders and their mailing addresses (*see Matter of Bohrer v International Banknote Co.*, 150 AD2d 196, 196-197 [1989]), as well as all Board meeting minutes from 2001 to the present. Moreover, in light of the terms of the relevant proprietary lease (*see Fe Bland v Two Trees Mgt. Co.*, 66 NY2d 556, 563 [1985]), the petitioner established his contractual right to inspect all of Acropolis's books of account from 2001 to the present.

With respect to the petitioner's entitlement to inspect additional corporate documents, "a shareholder has a common-law right to inspect a corporation's books and records if the inspection is sought in good faith and for a valid purpose" (*Matter of Troccoli v L & B Contr. Indus.*, 259 AD2d 754, 754 [1999]; *see Matter of Wisniewski v Polish & Slavic Ctr.*, 309 AD2d 869, 869 [2003]). Contrary to Acropolis's contention, the Supreme Court was not required to hold a hearing prior to issuing its order and judgment directing it to allow the petitioner to review its books and records, because no substantial question of fact existed as to the petitioner's good faith and purpose in seeking Acropolis's books and records (*see Matter of Durr v Paragon Trading Corp.*, 270 NY 464, 471 [1936]; *Matter of Troccoli v L & B Contr. Indus.*, 259 AD2d at 754-755; *cf. Matter of Niggli v Richlin Mach.*, 257 AD2d 623 [1999]).

Further, the new facts presented by Acropolis in support of that branch of its motion which was for leave to renew its opposition to the petition would not have changed the prior determination. Accordingly, the Supreme Court properly denied that branch of Acropolis's motion (*see* CPLR 2221 [e] [2]; *McMahan v McMahan*, 110 AD3d 1036 [2013]).

Acropolis's remaining contentions are without merit. Dillon, J.P., Chambers, Austin and Duffy, JJ., concur.