(April 21, 2016)

■ ABBEY F. GOLDSTEIN, Appellant, v ROBERT BASS et al., Respondents, et al., Defendants. [31 NYS3d 15]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered October 21, 2014, which granted de-fendants' motions to dismiss the complaint, affirmed, without costs.

We note at the outset that plaintiff's argument, made for the first time on appeal, that he did in fact satisfy the demand requirement imposed by Business Corporation Law § 626 (c), will not be considered. Not only did plaintiff not raise this argument before the motion court, but, the argument expressly contradicts the complaint, which alleges that plaintiff never made a demand on the board, because it would have been futile.

Business Corporation Law § 626 (c) provides that in a shareholders' derivative suit, "the complaint shall set forth with particularity the efforts of the plaintiff to secure the initia-tion of such action by the board *or the reasons for not making such effort*" (*see Marx v Akers,* 88 NY2d 189, 193 [1996] [emphasis added]). In New York, to overcome a motion to dismiss for failure to plead demand futility, a plaintiff must have alleged "with particularity that (1) a majority of the direc-tors are interested in the transaction, or (2) the directors failed to inform themselves to a degree reasonably necessary about

the transaction, or (3) the directors failed to exercise their business judgment in approving the transaction" (*Marx*, 88 NY2d at 198).

Here, the gravamen of plaintiff's complaint is that many units in the subject cooperative corporation were sold at below market rates and that the managing agent was given a contract at an above market rate. However, the complaint does not allege that any member of the board was interested in the various challenged transactions, and the allegations that the directors failed to inform themselves fully about the transactions and merely rubber-stamped them are wholly conclusory. Although the complaint does list the various transactions that plaintiff claims were "rubber-stamped," there are no particularized allegations as to what the board members should have considered or investigated to properly inform themselves about the challenged transactions. The complaint also fails to allege facts, such as self-dealing, fraud or bad faith, that would establish that the sale of units at below-market prices could not have been the product of sound business judgment.

The motion court also properly considered the materials annexed to the complaint, including those that were damaging to plaintiff (*see Rovello v Orofino Realty Co.*, 40 NY2d 633 [1976]).

We reject the request of defendants other than Michael Leifer, Astoria-Atlas LLC and Calix Realty Holdings LLC, made for the first time in their responding brief, for a "sua sponte" injunction prohibiting plaintiff from bringing any further actions against them without leave of court. This request is procedurally improper. Moreover, plaintiff prevailed in his books and records action (*see Matter of Goldstein v Acropolis Gardens Realty Corp.*, 116 AD3d 776 [2d Dept 2014]), and the dismissal of this action is not on the merits. Concur—Sweeny, J.P., Renwick and Kapnick, JJ.

Manzanet-Daniels, J., dissents in part in a memorandum as follows: This is an appeal from the dismissal of a shareholder derivative action brought by plaintiff shareholder on behalf of Acropolis Gardens Realty Corp., a residential cooperative corporation. In or about 1995, the sponsor of the conversion defaulted and the co-op became the owner of more than 300 units (the co-op is comprised of 617 units altogether). Plaintiff alleges that in approving the sales of units at prices far below market rate—i.e., ranging from $25,000 to $50,000 per unit—defendant board members, managing agent, accountant, and purchasers, committed fraud and corporate waste, and breached their fiduciary duties or aided and abetted such breaches.

The motion court granted defendants' motions to dismiss the complaint upon a finding that plaintiff failed to plead demand futility (see Business Corporation Law § 626 [c]). The court did not reach the additional grounds raised by defendants that the claims failed to state a cause of action or should be dismissed based on documentary evidence.

Plaintiff argues for the first time on appeal that his various communications with the board in the year or so preceding this action constituted sufficient demand for action to satisfy Business Corporation Law § 626 (c). Plaintiff's argument contradicts the complaint, which states that plaintiff never made any such demand, and I agree with the majority that we should decline to consider it on appeal.

Plaintiff, however, has adequately alleged that any such demand on the board would have been futile (see Marx v Akers, 88 NY2d 189, 200-201 [1996]). A shareholder claiming demand would be futile is required to allege "with particularity that (1) a majority of the directors are interested in the transaction, or (2) the directors failed to inform themselves to a degree reasonably necessary about the transaction, or (3) the directors failed to exercise their business judgment in approving the transaction" (id. at 198).

Plaintiff has adequately alleged that the directors "rubber stamped" decisions and that certain of the challenged transactions were "so egregious on [their] face that [they] could not have been the product of sound business judgment of the directors" (id. at 201). Plaintiff alleges, inter alia, that the board approved below-market sales of 43 units to the Leifer defendants, 27 units to Monarch (an entity owned by Steven Osman, a principal of the managing agent, Metropolitan), as well as the sale of a unit for $25,000 to defendant board member Marzouka. Plaintiff also alleges that the board approved a 10-year non-cancellable contract with the managing agent at an above-market rate of $288,000 per year.

Under these circumstances, it would be reasonable to conclude that making a demand on the board would have been futile. The determination of whether the apartment sales were at a grossly inadequate price and contrary to the best interests of the corporations should await a later date (see Greenbaum v American Metal Climax, 27 AD2d 225 [1st Dept 1967] [defendant entitled to summary judgment where there was no evidentiary support for the contention that a sale occurred at a grossly inadequate price or that the directors failed to act in the best interests of the corporation]).

Although demand was excused, I agree that the third cause

of action (for aiding and abetting breach of fiduciary duty) and the seventh cause of action (for unjust enrichment) were properly dismissed as against defendants Leifer, Astoria-Atlas and Calix Realty Holdings. A claim for aiding and abetting a breach of fiduciary duty requires "(1) a breach by a fiduciary of obligations to another, (2) that the defendant knowingly induced or participated in the breach, and (3) that plaintiff suffered damage as a result of the breach" (*Kaufman v Cohen*, 307 AD2d 113, 125 [1st Dept 2003]). Plaintiff fails to adequately allege that the Leifer defendants had actual, i.e., not constructive, knowledge of alleged breaches of fiduciary duty or furnished substantial assistance to the primary violators (*see id.*) Similarly, the complaint fails to adequately allege that the Leifer defendants were unjustly enriched (*cf. Merrill Lynch, Pierce, Fenner & Smith v Chipetine*, 221 AD2d 284 [1st Dept 1995]).