Scher v Turin Hous. Dev. Fund Co., Inc. (2021 NY Slip Op 00134)





Scher v Turin Hous. Dev. Fund Co., Inc.


2021 NY Slip Op 00134


Decided on January 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 12, 2021

Before: Acosta, P.J., Webber, González, Scarpulla, JJ. 


Index No. 155267/18 Appeal No. 12857 Case No. 2019-5346 

[*1]Mark Scher etc., Plaintiff-Appellant,
v
Turin Housing Development Fund Company, Inc., et al., Defendants-Respondents.


Bierman & Associates, New York (Mark H. Bierman of counsel), for appellant.
Catafago Fini LLP, New York (Tom M. Fini of counsel), for respondents.



Order, Supreme Court, New York County (Louis L. Nock, J.) entered June 12, 2019, which granted defendants' motion for summary judgment dismissing the amended complaint and denied plaintiff's motion for class certification, unanimously affirmed, with costs.
The motion court properly determined that the claims in the amended complaint were derivative rather than direct, and plaintiff had failed to make a prelitigation demand or allege futility, warranting dismissal. Although plaintiff urges that his claims are direct because he will suffer from diminution in the value of the proprietary shares appurtenant to his apartment, claims premised on diminution of value of shares are derivative (Yudell v Gilbert, 99 AD3d 108 [1st Dept 2012]). Notably, plaintiff fails to identify any damages flowing to him distinct from that of the corporation as a whole (Vaughan v Standard Gen. L.P., 154 AD3d 581, 582-583 [1st Dept 2017]).
Because his claims are derivative, plaintiff was required to describe in the amended complaint his demand to the board to take action, or explain why such demand was futile (Goldstein v Bass, 138 AD3d 556, 556-557 [1st Dept 2016], citing Marx v Akers, 88 NY2d 189, 193 [1996]). Although plaintiff asserted that the board sought to enter into a new regulatory agreement with HPD to keep the purchase prices for apartments in the building at the regulated rate because certain board members had placed themselves on the wait lists to purchase other apartments in the building, plaintiff failed to state particularized allegations to show how placement on such wait lists, which contained both board members and non-board members, favored defendants or influenced their decision to present the new regulatory agreement to the shareholders for a vote (Vaughan, 154 AD3d at 583). We therefore find that leave to replead would not have cured the deficiencies in the amended complaint (see Abrams v Donati, 66 NY2d 951, 954 [1985]).
Because defendants' motion for summary judgment was properly granted, we need not reach the question of whether plaintiff's motion for class certification was properly denied (Maddicks v Big City Props., LLC, 34 NY3d 116, 123 [2019]).
We have considered plaintiff's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2021