Matter of O'Donnell v Fleetwood Park Corp. (2022 NY Slip Op 02002)





Matter of O'Donnell v Fleetwood Park Corp.


2022 NY Slip Op 02002


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2019-10188
 (Index No. 63807/18)

[*1]In the Matter of Kevin O'Donnell, respondent,
v
Fleetwood Park Corp., appellant.


Finger & Finger, White Plains, NY (Kenneth J. Finger of counsel), for appellant.
Silverson, Pareres & Lombardi, LLP, White Plains, NY (Joseph C. Marchese of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel the production and inspection of certain books and records, Fleetwood Park Corp. appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (George E. Fufidio, Jr., J.), dated August 2, 2019. The order and judgment, insofar as appealed from, denied the motion of Fleetwood Park Corp., inter alia, to dismiss the proceeding for lack of personal jurisdiction, and granted, without a hearing, that branch of the petition which was to compel Fleetwood Park Corp. to provide an updated record of its shareholders' names and addresses.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
"Under New York law, shareholders have both statutory and common-law rights to inspect a corporation's books and records so long as the shareholders seek the inspection in good faith and for a valid purpose" (Retirement Plan for Gen. Empls. of the City of N. Miami Beach v McGraw-Hill Cos., Inc., 120 AD3d 1052, 1055; see World Ambulette Transp., Inc. v Lee, 161 AD3d 1028; Matter of Pokoik v 575 Realties, Inc., 143 AD3d 487). Here, the Supreme Court properly held that the petitioner established his common-law right to the information he sought from the appellant since he pleaded and proved that he had a proper purpose for seeking the information, and a hearing was not required since no substantial question of fact existed as to the petitioner's good faith and proper purpose (see Matter of Goldstein v Acropolis Gardens Realty Corp., 116 AD3d 776; Matter of Troccoli v L & B Contr., 259 AD2d 754; cf. JAS Family Trust v Oceana Holding Corp., 109 AD3d 639; Matter of Niggli v Richlin Mach., 257 AD2d 623; Matter of Marcato, 102 AD2d 826).
The appellant's remaining contentions are without merit.
BARROS, J.P., RIVERA, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court