**Levy v 285 Prospect Owners Corp.**

2026 NY Slip Op 30773(U)

March 4, 2026

Supreme Court, Kings County

Docket Number: Index No. 537868/2025

Judge: Norma J. Jennings

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS: PART 39
------------------------------------------------------------------X
MICHAEL LEVY,

     Plaintiff,

  -against-


285 PROSPECT OWNERS CORP.,

     Defendant.
------------------------------------------------------------------X

Index No.: 537868/2025


DECISION AND ORDER

Recitation, as required by CPLR §2219(a) of the papers considered in review of this Motion:

**Papers**
Order to Show Cause .................................. 1-2
Defendant's Opposition ............................. 3-4
Plaintiff's reply ......................................... 5-6

Upon review of the foregoing papers and argument held on February 9, 2026, the Decision and Order on Plaintiff's Order to Show Cause, motion sequence number 001, is as follows:

**BACKGROUND AND PROCEDURAL HISTORY:**

Plaintiff, Micheal Levy, is the shareholder of cooperative unit 1E in the premises located at 285 Prospect Place, Brooklyn, New York 11238. Plaintiff moves, pursuant to BCL §624 and CPLR §3124, by Order to Showa Cause, dated December 1, 2025, for an Order to compel the inspection and copying of Defendant, 285 Prospect Owners Corp. (a cooperative corporation), books and records, including the shareholder registry. Specifically, Plaintiff seeks, in part, the shareholder registry containing: (a) the name of each and every shareholder; (b) the apartment number of each and every shareholder; (c) the share certificate number of each and every shareholder; (d) the number and class of shares held by each and every shareholder holds; (e) the dates when each and every shareholder became an owner; and (f) the last known physical mailing address of each and every shareholder. Plaintiff contends on October 1, 2026[1] he sent a demand letter to the Defendant seeking to inspect the business records. In response, Plaintiff states he was told he could view the records in the management office within specified office hours, but the copying of said records was not permitted. Plaintiff argues, inter alia, that pursuant to BCL §624, he is entitled to inspect and extract the requested records. Plaintiff contends the purpose of his request is that he is seeking to gather support from other shareholders to hold a special meeting to change the Certificate of Incorporation, communicate with the other shareholders about corporate matters and to resolve building wide repair issues. Plaintiff also seeks an order awarding court filing fees and costs.

In opposition, Defendant argues the information sought by Plaintiff is not necessary nor needed. Defendant also argues that Plaintiff's OSC is moot because he accepted management's offer to forward his request to the shareholders which was done via the management portal and he was

---

[1] The court notes that plaintiff's papers likely contains a typographical error as to the year of the demand letter. The annexed demand letter, annexed as exhibit 3, is dated October 1, 2025.

[* 1]

already offered the opportunity to inspect the corporation's books and records in the management's office. Defendant contends Plaintiff's reasons for wanting to call a special meeting to amend the Certificate of Incorporation, is not a valid purpose to permit the extraction of the registry which includes the shareholder's private information and requires the consent of the shareholder.

In reply, Plaintiff argues, Defendant's offer to serve as middleman in sending correspondences to the shareholders does not circumvent his right to inspect and copy the business records and to communicate directly with his fellow stockholders.[2]

## DECISION:

It is well established shareholders have both statutory and common-law rights to inspect a corporation's books and records if the inspection is sought in good faith and for a valid purpose. (*see, Matter of Crane Co. v Anaconda Co.*, 39 N.Y.2d 14 (1976); *Matter of Ochs v Washington Hgts. Fed. Sav. & Loan Assn.*, 17 N.Y.2d 82 (1966); *Matter of O'Donnell v. Fleetwood Park Corp.*, 203 A.D.3d 1048 (2nd Dept. 2022); *Troccoli v. L & B Cont. Indus., Inc.*, 259 A.D.2d 754 (2nd Dept. 1999); *Matter of Niggli v Richlin Mach.*, 257 A.D.2d 623 (2nd Dept. 1999).

Further Business Corporation Law § 624, in pertinent part provides:

> *(a) Each corporation shall keep correct and complete books and records of account and shall keep minutes of the proceedings of its shareholders, board and executive committee, if any, and shall keep at the office of the corporation in this state .... a record containing the names and addresses of all shareholders, the number and class of shares held by each and the dates when they respectively became the owners of record thereof. Any of the foregoing books, minutes or records may be in written form or in any other form capable of being converted into written form within a reasonable time.*

> *(b) Any person who shall have been a shareholder of record of a corporation upon at least five days' written demand shall have the right to examine in person or by agent or attorney, during usual business hours, its minutes of the proceedings of its shareholders and record of shareholders and to make extracts therefrom for any purpose reasonably related to such person's interest as a shareholder. ...*

When a plaintiff satisfies the statutory requirements of BCL §624, they are entitled to a list of shareholders and their mailing addresses as well as all board meeting minutes. *Goldstein v Acropolis Gardens Realty Corp.*, 116 A.D.3d 776 (2nd Dept. 2014); *Matter of O'Donnell v. Fleetwood Park Corp.*, 203 A.D.3d 1048 (2nd Dept. 2022).

A plaintiff asserting his common law right to inspect must plead a "proper purpose" for the inspection which may not be speculative, vague, or conclusory. *Matter of Crane Co. v. Anaconda Co.*, 39 N.Y.2d 14 (1976); *Matter of Niggli v. Richlin Mach.*, 257 A.D.2d 623 (2nd Dept. 1999);

---

[2] Plaintiff raises new arguments that was not in the initial petition which the Defendant did not have an opportunity to oppose and will be disregarded by the court.

*JAS Fam. Tr. v. Oceana Holding Corp.*, 109 A.D.3d 639 (2nd Dept. 2013). Upon a showing of good faith and a valid purpose, shareholders have the right to examine and make paper copies of a list of shareholders and records of shareholder meeting minutes and require the corporation to deliver an annual balance sheet upon written request. See BCL § 624(b), (c), (e); *Goldstein v Acropolis Gardens Realty Corp.*, 116 A.D.3d 776 (2nd Dept. 2014) citing *Matter of Troccoli v L & B Contr. Indus.*, 259 A.D.2d 754 (2nd Dept. 1999). Proper purposes are those reasonably related to the shareholder's interest in the corporation. *Matter of Troccoli v. L & B Contr. Indus.*, 259 A.D.2d 754 (2nd Dept. 1999), which include, among others, efforts to ascertain the financial condition of the corporation, to learn the propriety of dividend distribution, to calculate the value of stock, to investigate management's conduct, and to obtain information in aid of legitimate litigation. *Matter of Smith v. Calvary Baptist Church*, 35 A.D. 3d 749 (2nd Dept. 2006); *Matter of Troccoli v. L & B Contr. Indus.*, 259 A.D.2d 754 (2nd Dept. 1999). On the other hand, inspection rights "do not grant shareholders a right to be involved in day-to-day management" *335 W. 71st Corp. v. Hanover Bank Corp., Inc.*, 2024 N.Y. Misc. LEXIS 59920 (Sup. Ct., Nassau Cnty. 2024).

A hearing is required when the corporation raises a substantial question of fact as to the petitioner's good faith and purpose in seeking the books and records. *Matter of O'Donnell v. Fleetwood Park Corp.*, 203 A.D.3d 1048 (2nd Dept. 2022); *Goldstein v. Acropolis Gardens Realty Corp.*, 116 A.D.3d 776 (2nd Dept. 2014); *Matter of Troccoli v. L & B Contr. Indus.*, 259 A.D.2d 754 (2nd Dept. 1999); *cf. Matter of Niggli v. Richlin Mach.*, 257 A.D.2d 623 (2nd Dept. 1999)). The court may exercise its discretion and deny the petition where it was not made in good faith or for a valid purpose. *Matter of Ochs v Washington Hgts. Fed. Sav. & Loan Assn.*, 17 N.Y.2d 82 (1966), or may grant the OSC to a limited extent to prevent abuse when the demand for production is overbroad and not "relevant and necessary" to plaintiff's purposes. *Crane Co. v. Anaconda Co.*, 39 N.Y.2d 14 (1976); *Matter of Smith v. Calvary Baptist Church*, 35 A.D. 3d 749 (2nd Dept. 2006).

Here, the parties do not dispute Plaintiff is entitled to the right to inspect the books and records. However, Defendant argues Plaintiff should not be permitted to make extracts of the shareholder's contact information including mailing address(es) citing privacy concerns. Plaintiff argues he should be allowed to make copies and is seeking the shareholder registry which contains the names, address, number of shares for each of the shareholders to gain support to hold a special meeting to amend the Certificate of Incorporation which requires signatures from at least 25% of the shares of the corporation. Plaintiff is also seeking the registry to speak to shareholders directly about corporate matters and to resolve building wide repair issues. In its opposition Defendant failed to raise an issue as to Plaintiff's good faith in his requests or raise a substantial question of fact as to his purpose in seeking the shareholder contact registry information.

**ACCORDINGLY,** Plaintiff's petition for access to inspect and copy the documents listed in subsections (a) and (b) of the demand letter dated October 1, 2025 (NYSCEF Doc. No. 8) is granted. Plaintiff failed to demonstrate that the request for copies of all contracts, all invoices and all quotes for work for engineering and construction services are relevant and necessary to

Page 3 of 4

[* 3]

Plaintiff's purpose of gaining support to hold a special meeting to amend the Certificate of Incorporation.

Accordingly, Plaintiff's Order to Show Cause is **GRANTED**, to the following extent:

**ORDERED** and **ADJUDGED** that Defendant shall provide Plaintiff with access to inspect and copy the items identified in Plaintiff's demand letter dated October 1, 2025 (NYSCEF Doc. No. 8) as subsections (a) and (b):

> (a) I formally request the shareholder register from the co-op's board of directors or managing agent, where this record includes at a minimum:
> i. the name of each and every shareholder,
> ii. the apartment number of each and every shareholder,
> iii. the share certificate number of each and every shareholder,
> iv. the number and class of shares held by each and every shareholder holds, and
> v. the dates when each and every shareholder became owner,
> vi. the last known physical mailing address of each and every shareholder, and
> vii. the last known electronic mailing address of each and every shareholder.
>
> (b) I formally request the records of:
> i. the minutes of each and every board meeting that have taken place since September 2023,
> ii. each and every balance sheet since September 2023,
> iii. each and every income statement since September 2023

**ORDERED** that Plaintiff's request for an award of court filing fees and costs is **DENIED** as incidents of litigation; and it is further

**ORDERED** that any remaining contentions not specifically address are **DENIED;** and it is further

**ORDERED** that Plaintiff shall serve a copy of this decision and order, with notice of entry, upon Defendant.

This constitutes the Decision and Order of the Court.

Dated: March 4, 2026
     Brooklyn, NY

_____
HON. NORMA J. JENNINGS, J.S.C.